IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH LAWRENCE SOMERVILLE, #529020, § § | | |
| Petitioner, § § | | |
| v. § § | 3:11-CV-3146-B (BK) | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se Petition for Writ of Habeas Corpus* under 28 U.S.C. § 2241. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not order a response. For the reasons that follow, it is recommended that the *Petition for Writ of Habeas Corpus* be construed as one brought under 28 U.S.C. § 2254, that the same be dismissed for lack of jurisdiction, and that Petitioner be barred from filing any successive habeas petition unless accompanied by a motion for leave to file.

**I.  BACKGROUND**

In 1987, Petitioner was convicted for burglary of a habitation with a deadly weapon and sentenced to life imprisonment. (Pet. at 14 at 3.) Following the reversal of the conviction on direct appeal because the "jury was selected in a racially discriminatory manner," *see Somerville v. State*, 792 S.W.2d 265, 266 (Tex. App. – Dallas 1990, pet. ref'd), Petitioner was re-convicted

on retrial and the court of appeals affirmed that conviction. *See Somerville v. State*, No. 05-92-00395-CR, slip op. (Tex. App. – Dallas Nov. 10, 1993, pet. ref'd). Subsequently, Petitioner unsuccessfully challenged his conviction in various federal habeas proceedings, with the last two being dismissed as successive. *See Somerville v. Johnson*, No. 3:97-CV-1697-X (N.D. Tex. 1997) (dismissing as unexhausted); *Somerville v. Johnson*, No. 3:99-CV-1673-P (N.D. Tex. 1999) (dismissing as time barred); *Somerville v. Cockrell*, No. 3:02-CV-380-L, 2002 WL 31441226, *2 (N.D. Tex. Oct. 29, 2002) (accepting findings and recommendation) (dismissing without prejudice as successive); *Somerville v. Quarterman*, No. 3:08-CV-1265-G, 2008 WL 4960466 (N.D. Tex. Nov. 19, 2008) (accepting findings and recommendation) (dismissing without prejudice as successive, but warning Petitioner that if he files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to sanctions). The United States Court of Appeals for the Fifth Circuit has also denied Petitioner leave to file a successive habeas application on two occasions. *See In re Somerville*, No. 03-11192 (5th Cir. 2003); *In re Somerville*, No. 09-10707 (5th Cir. 2009).

In this action, Petitioner again seeks to challenge his conviction for burglary of a habitation. He complains, as he did in his 2009 motion for leave to file a successive application, *see In re Somerville*, No. 09-10707, of the extradition process, the original indictment, and the 1987 and 1991 re-indictments.

## II.  DISCUSSION

### A.   Nature of Suit

Petitioner relies on 28 U.S.C. § 2241 as the jurisdictional basis for his habeas corpus petition. (Doc. 14 at 1; Doc. 15 at 1.) His filings, however, challenge aspects of his underlying

state conviction on constitutional grounds. Such claims are cognizable under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a) (A federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *see also Anders v. Quarterman*, No. 3:08-CV-0403-B, 2008 WL 3172187, *1 (N.D. Tex. Jul 29, 2008) (accepting findings and recommendation) (concluding that section 2241 habeas petition, which challenged state conviction, was cognizable under section 2254). Federal courts have generally interpreted section 2241 as a statutory grant of authority to issue habeas writs, while section 2254 is deemed to implement that authority with respect to state prisoners. *Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

Petitioner's arguments that his petition should be analyzed under section 2241 instead of section 2254, are conclusory and unsupported. He asserts that the petition "does not challenge his conviction," but only the "execution of [his] sentence," which he claims is cognizable under section 2241. (Doc. 12 at 1.) He also asserts, without providing any authority, that "§ 2254 does not provide an adequate remedy at law." *Id.* at 2. Petitioner's filings, however, raise constitutional challenges to his underlying conviction, and not the execution of his sentence. *See Anders,* No. 3:08-CV-0403-B, 2008 WL 3172187, *1 (construing section 2241 habeas petition as one brought under section 2254 because petitioner sought to challenge underlying state conviction). *Cf. Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (*per curiam*)

(cited cases omitted) (while section 2241 is typically used to attack manner in which sentence is executed, 28 U.S.C. § 2255 provides primary means for federal prisoner to collaterally attack federal sentence and is the appropriate remedy for "errors that occurred at or prior to the sentencing"); *Williams v. United States*, No. 3:11-CV-3174-N, 2011 WL 6130414, *1 (N.D. Tex. Nov. 21, 2011), *accepting findings and recommendation*, 2011 WL 6130412 (N.D. Tex. Dec. 9, 2011) (construing section 2241 petition challenging federal conviction and sentence as section 2255 motion to vacate). In addition, the fact that Petitioner may be barred from filing a successive section 2254 petition does not render the habeas remedy inadequate or ineffective. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (cited cases omitted) (holding that prior, unsuccessful motion to vacate under section 2255, the limitations bar, and successiveness do not render the section 2255 remedy inadequate or ineffective).

Therefore, because Petitioner seeks to challenge his state conviction, his claims are cognizable only under section 2254 and his petition should be construed as being brought under that section. *See Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1132 n. 1 (5th Cir. 1987) (collecting cases) (concluding that federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint").

**B.      Second or Successive Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on

collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a habeas petition under section 2254 challenging his criminal conviction. Therefore, his petition should be dismissed for lack of jurisdiction.

**C.     Sanction**

In 2008, the Court warned Petitioner that sanctions may be imposed if he filed another successive habeas petition without first obtaining authorization from the United States Court of Appeals for the Fifth Circuit. *See Somerville v. Quarterman*, No. 3:08-CV-1265-G, 2008 WL 4960466 (N.D. Tex. 2008). Petitioner filed this action in a apparent disregard of that order and the Court of Appeals' denial of his 2009 motion for leave to file a successive application, which raised the same claims. In light of this, the Court recommends that Petitioner be barred from

filing any successive habeas petition in this Court unless accompanied by a motion for leave to file.  "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein."  *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the *Petition for Writ of Habeas Corpus* (Doc. 14) be **CONSTRUED** as one brought under 28 U.S.C. § 2254, and that the same be **DISMISSED** without prejudice for want of jurisdiction.  *See* 28 U.S.C. § 2244(b)(3)(A).

It is further recommended that Petitioner be **BARRED** from filing any successive habeas petition unless accompanied by a motion for leave to file.

Additionally, in light of the foregoing, it is recommended that Petitioner's motions to show cause, for evidentiary hearing, to compel discovery, and to produce petitioner (Doc. 17-19) be **DENIED** as moot.

SIGNED February 9, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**

**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE